# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FREDERICK ROSS (#585778)**                                  **CIVIL ACTION**

**VERSUS**

                                                              **17-294-SDD-RLB**

**LT. BRIAN HALL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 20, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FREDERICK ROSS (#585778)                      CIVIL ACTION

VERSUS

LT. BRIAN HALL, ET AL.                       17-294-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Motion to Dismiss filed on behalf of defendant Lt. Brian Hall (R. Doc. 21). The motion is opposed. *See* R. Doc. 25.

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Lt. Brian Hall and Msgt. Lance Osbourne complaining that his constitutional rights have been violated through the use of excessive force. The plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

Defendant Hall first seeks dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against his in his official capacity. In this regard, the defendant is correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's claims

asserted against defendant Lt. Hall in his official capacity, for monetary damages, are subject to dismissal.  In contrast, the plaintiff's claims for monetary damages asserted against this defendant in his individual capacity remains viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state.  *Id*. at 29.  The plaintiff's claim for declaratory relief asserted against defendant Lt. Hall in his official capacity also remains viable because such a claim is not treated as a claim against the state.  *Will v. Michigan Department of State Police*, *supra*, 491 U.S. at 71 n.10.  Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

      Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, defendant Lt. Hall next asserts, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges the following.  On September 9, 2015, Msgt. Lance Osbourne threatened to slap the plaintiff before physically assaulting the plaintiff, who was in full restraints.  Osbourne had personal feelings of disgust toward the plaintiff.  He approached the plaintiff, lifted him off the floor, and slammed him.  Osbourne then proceeded to kick the plaintiff several times.  Subsequent to the attack, Ross was issued a duty status and placed in a neck brace.

On September 10, 2015, Osbourne walked down the tier during shift change.  The plaintiff was scared that Osbourne would alter his food or attack him again, so he began screaming for help and asking for a supervisor.  The plaintiff threatened to throw something at Osbourne if he continued down the tier.  When Osbourne came closer, the plaintiff threw something at him.  Shortly after, defendant Lt. Hall arrived.  He immediately shook his can of chemical agent and sprayed the plaintiff.  The plaintiff was then placed in full restraints, and

defendant Lt. Hall began hitting the plaintiff in his face until he was unconscious. The plaintiff suffered two black eyes, a swollen face, bruised ribs, bleeding and swelling to his mouth, lock jaw, and mental pain. Osbourne and defendant Lt. Hall resigned a short time later.

In response to the plaintiff's allegations, the defendant has asserted that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted in part. Specifically, the Court concludes that the plaintiff's claim against defendant Lt. Hall, regarding retaliation, should be dismissed.

Prison officials may not retaliate against a prisoner for exercising his First Amendment right of access to the courts, or for complaining through proper channels about a guard's misconduct. *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir.2006); *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.1995). However, claims of retaliation from prison inmates are regarded with skepticism, lest federal courts embroil themselves in every adverse act that occurs in penal

institutions. *Woods,* 60 F.3d at 1166. To prevail on a claim of retaliation, a prisoner must establish four elements: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right; (3) a retaliatory adverse act; and, (4) causation. *Morris,* 449 F.3d at 684; *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir.2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir.1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall,* 100 F.3d 41, 43 (5th Cir.1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods,* 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones,* 188 F.3d at 325; *Johnson v. Rodriguez,* 110 F.3d 299,310 (5th Cir.1997). To demonstrate the requisite retaliatory intent on the defendant's part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods,* 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson,* 110 F.3d at 310; *Woods,* 60 F.3d at 1166.

In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris,* 449 F.3d at 684–85; *Hart,* 343 F.3d at 764. The purpose of allowing inmates retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris,* 449 F.3d at 686 (citing *Crawford–El v. Britton,* 523 U.S. 574, 588 n. 10, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of

ordinary firmness from further exercising his constitutional rights. *Morris,* 449 F.3d at 686. *De minimis* acts that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id.*

In the instant matter, to the extent the plaintiff is asserting a claim for retaliation against defendant Lt. Hall, the plaintiff's claim is entirely conclusory. The plaintiff states in his original Complaint that defendant Lt. Hall and Osbourne beat the plaintiff "as an act of intentional retaliation." The plaintiff has not alleged to have exercised any specific constitutional right for which he was retaliated against. As such, he has failed to state a claim upon which relief may be granted for retaliation.

The Court now turns to plaintiff's claim of excessive force against defendant Lt. Hall. A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986). The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may

consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

Applying the foregoing standard and accepting the allegations of the plaintiff's Complaint as true for the purposes of evaluating the instant Motion to Dismiss, the Court finds that the plaintiff's Complaint states an excessive force claim against defendant Lt. Hall. The allegations of the plaintiff's Complaint reveal no reason for defendant Lt. Hall to administer a chemical agent, or to beat the plaintiff until he was unconscious while he was in full restraints. The allegations of the plaintiff's Complaint portray a malicious use of force. As such, the defendant's Motion should be denied in this regard.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, given the Court's recommendations and the nature of the plaintiff's remaining federal claims, the Court finds that the plaintiff's state law claims will substantially predominate over the claims over which the district court has original jurisdiction. Accordingly, the Court further recommends that the exercise of supplemental jurisdiction be declined.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendant's Motion to Dismiss (R. Doc. 21) be granted in part, dismissing any claims against defendant Lt. Hall in his official capacity for monetary damages.  It is further recommended that the plaintiff's retaliation claim against defendant Lt. Hall be dismissed with prejudice.  It is further recommended that the defendant's Motion to Dismiss be denied as to the plaintiff's excessive force claim against defendant Lt. Hall.  It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims.

Signed in Baton Rouge, Louisiana, on November 20, 2018.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE