# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FREDERICK ROSS (#585778)**                                    **CIVIL ACTION**

**VERSUS**

                                                                                          **17-294-SDD-RLB**

**LT. BRIAN HALL, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 6, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**FREDERICK ROSS (#585778)**                                          **CIVIL ACTION**

**VERSUS**

                                                                                      **17-294-SDD-RLB**

**LT. BRIAN HALL, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the remaining defendant's Motion for Summary Judgment (R. Doc. 55). The Motion is not opposed.

The *pro se* plaintiff, an inmate now incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Lt. Brian Hall and Msgt. Lance Osbourne complaining that his constitutional rights have been violated through the use of excessive force. The plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

The remaining defendant[1], Lt. Brian Hall, moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of one of the plaintiff's pertinent Administrative Remedy proceedings (EHCC-2015-731), and a certified copy of an Acknowledgment of Receipt of Second Step Response pertaining to Administrative Remedy proceeding EHCC-2015-737. Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together

---

[1] The plaintiff's claims against defendant Osbourne have been previously dismissed. *See* R. Docs. 39 and 41.

with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended, the plaintiff alleges the following. On September 9, 2015, Msgt. Lance Osbourne threatened to slap the plaintiff before physically assaulting the plaintiff, who was in full restraints. Osbourne had personal feelings of disgust toward the plaintiff. He approached the plaintiff, lifted him off the floor, and slammed him. Osbourne then proceeded to kick the plaintiff several times. Subsequent to the attack, Ross was issued a duty status and placed in a neck brace.

On September 10, 2015, Osbourne walked down the tier during shift change. The plaintiff was scared that Osbourne would alter his food or attack him again, so he began screaming for help and asking for a supervisor. The plaintiff threatened to throw something at Osbourne if he continued down the tier. When Osbourne came closer, the plaintiff threw something at him. Shortly after, defendant Lt. Hall arrived. He immediately shook his can of chemical agent and sprayed the plaintiff. The plaintiff was then placed in full restraints, and defendant Lt. Hall began hitting the plaintiff in his face until he was unconscious. The plaintiff suffered two black eyes, a swollen face, bruised ribs, bleeding and swelling to his mouth, lock jaw, and mental pain. Osbourne and defendant Lt. Hall resigned a short time later.

In response to the plaintiff's allegations, defendant Hall contends that the claims asserted in this proceeding are time-barred. Specifically, the defendant asserts that more than one year of un-tolled time elapsed after the referenced incident before the plaintiff filed his Complaint herein.

Inasmuch as there is no federal statute of limitations for claims brought pursuant to 42 U.S.C. § 1983, a federal court must borrow the forum state's general personal injury limitations period for such claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Louisiana, the applicable period of limitations is one year. La. Civ. Code Art. 3492.[2] Moreover, under federal law, a cause of action under 42 U.S.C. § 1983 accrues "when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citations and internal quotation marks omitted). A plaintiff need not realize that a legal cause of action exists but must only have knowledge of the facts that support a claim. *Id.* Under Louisiana law, a party pleading a limitations defense normally has the burden of establishing the elements of that defense. *See Savoy v. St. Landry Parish Council*, 2009 WL 4571851, *3 (W.D. La. Dec. 1, 2009). However,

---

[2] *See* La. Civ. Code Art. 3456

when the face of the plaintiff's Complaint reflects that more than a year has passed since the events complained of, the burden of proof shifts to the plaintiff to show that the limitations period has been interrupted or tolled. *Id.*

In the instant case, the incident complained of by the plaintiff occurred on September 10, 2015, by which date the plaintiff was possessed of sufficient information to place him on notice of the existence of his cause of action regarding the use of excessive force by defendant Hall. Accordingly, the plaintiff's claims accrued on that date, and he had one year within which to file a complaint in this Court. Ordinarily, therefore, any claim that the plaintiff may have had against the defendant arising out of the incident complained of would be seen to have prescribed no later than September 10, 2016, the one-year anniversary of the incident. Further, inasmuch as the plaintiff did not file his federal Complaint until, at the earliest, May 28, 2017, the date that he apparently signed it, it appears from the face of the Complaint that his claim is time-barred. Accordingly, the burden of proof shifts to the plaintiff to show that the limitations period in this case was interrupted or tolled during the one-year period.

The plaintiff has not opposed the instant Motion. However, in computing the applicable limitations period, this Court is obligated to take into account the time during which the administrative proceedings were pending within the prison system. *See Harris v. Hegmann*, 198 F.3d 153, 158-59 (5th Cir. 1999) (finding that the pendency of a properly-filed administrative grievance will act to toll or suspend the running of the one-year limitations period for a prisoner's claim).

The filing of an administrative grievance, however, only tolls or suspends, and does not interrupt, the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Thus,

this Court is required to count against the plaintiff the passage of days that elapsed both before the filing of the pertinent administrative grievance and after the conclusion of the administrative proceedings. *See Adams v. Stalder*, 934 So.2d 722, 725-26 (La. App. 1st Cir. 2006) (explaining that with a suspension of the limitations period, in contrast to an interruption, "the period of suspension is not counted toward the accrual of prescription but the time that has previously run is counted.... In other words, ... the clock merely stops running during the suspension, and thereafter the obligee has only so much of the one year as was remaining when the suspension began").

Applying the foregoing to the events of September 10, 2015, the Court has concluded that the plaintiff's claim accrued and the one-year limitations period commenced to run on that date. The record reflects that the plaintiff submitted a request for administrative remedy to prison officials thereafter. The first question for the Court to consider is the date upon which that administrative grievance tolled the limitations period. In this regard, it appears that the plaintiff's first grievance is hand-dated September 27, 2015. As such, 17 days elapsed between the occurrence of the event complained of and the filing of the plaintiff's first administrative grievance. It appears from the record that while his first grievance was pending the plaintiff filed a second grievance (EHCC-2015-737).

The plaintiff's second administrative proceeding remained pending and thereby suspended the running of the limitations period until those proceedings were concluded by the plaintiff's receipt of the final agency response. *See* La. R.S. 15:1172(E) (providing that the limitations period is "suspended until the final agency decision is *delivered*" (emphasis added)); *Harris v. Hegmann, supra*, 198 F.3d at 160 (noting that the pertinent date is the date an inmate "receive[s] final notice that his administrative complaint was dismissed"). Accordingly, the applicable limitations period began to run again on that date.

In the instant matter, the plaintiff signed for receipt of the final agency response on May 26, 2016. *See* R. Doc. 55-4. At that time, 348 days remained in the limitations period and the plaintiff had until May 9, 2017 to timely file his Complaint. The plaintiff's Complaint was signed and dated by him on May 28, 2017. Accordingly, it appears the Complaint was not filed within the one-year limitations period.

Despite notice and an opportunity to appear, the plaintiff has not come forward with any competent summary judgment evidence in opposition to the defendant's Motion for Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions. Based upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendant's Motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the defendant's Motion for Summary Judgment (R. Doc. 55) be granted, and that this matter be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on February 6, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**